UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4758

THORNTON DAVID SAVAGE, IV,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-97-14-F)

Submitted: October 30, 1998

Decided: November 17, 1998

Before ERVIN, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Anthony E. Flanagan, Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Thornton David Savage, IV, was convicted following a jury trial of aiding and abetting the uttering of counterfeit obligations, in violation of 18 U.S.C. §§ 2, 472 (1994). He timely appeals, contending that the district court erred in permitting Brian Darrell Johnson, the Government's chief witness, to confer with his attorney in the midst of testifying. Finding no error, we affirm.

Savage contends that Johnson's conference with his attorney, who observed at least part of the trial, necessarily influenced and shaped Johnson's subsequent testimony because Johnson's testimony after the conference was markedly different from his testimony before the conference. Savage asserts that the meeting violated Fed. R. Evid. 615,[1] which provides that upon request of a party, the court must order sequestration of witnesses during trial. Savage asserts that the court's sequestration order prohibited Johnson from discussing his testimony with his attorney while testifying. Savage contends that, but for the court's error in allowing the meeting to occur, he would have been acquitted because the evidence against him was "thin."

Savage concedes that because he failed to object to this alleged error at trial, our review is only for plain error. See United States v. Olano, 507 U.S. 725, 730 (1993); see also Fed. R. Crim. P. 52(b). A defendant is entitled to relief under Rule 52(b) if an error occurred which (1) was plain, that is, is clear under current law, (2) prejudiced

_____

[1] Rule 615 provides that: "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion." Fed. R. Evid. 615; see United States v. McMahon, 104 F.3d 638, 641-42 (4th Cir. 1997) (finding that Rule 615 is violated if a witness obtains information about a prior witness's testimony from a third party).

2

him, and (3) "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (citation and internal quotation omitted).

Savage and an accomplice, Brian Darrell Johnson, passed counterfeit $20 bills at numerous businesses in Jacksonville, North Carolina, on February 3, 1997. Johnson pleaded guilty to possession of counterfeit $20 bills and, as part of the written plea agreement, agreed to testify on behalf of the Government at Savage's trial. Initially, Johnson testified that in early February 1997, he traveled to Philadelphia and purchased more than $2000 in counterfeit $20 bills. He stated that on February 3, 1997, he and a female companion, Kashema Peebles, went to a shopping mall in Jacksonville and to various fast food restaurants to pass the counterfeit bills. He initially testified that no one else accompanied them to the mall.

Because Johnson's testimony contradicted his prior statements, the prosecutor asked whether Johnson had spoken to Savage over lunch earlier that day. Johnson admitted that he had. After the prosecutor obtained permission to voir dire Johnson, but before questioning began, the court permitted Johnson's attorney to speak with Johnson privately. Counsel intimated that he wished to advise Johnson of any potential problems that might arise from Johnson's testimony. The court advised counsel that it would be in Johnson's best interest if counsel advised Johnson of the consequences of being less than truthful or less than forthcoming while testifying.

After Johnson's conference with his attorney, Johnson's testimony was markedly different. He recanted his previous testimony that only he and Peebles went to the mall and testified that he, Savage, Peebles, and a woman named Tabou went to the mall. Johnson stated that he showed Savage the counterfeit money. Johnson gave $20 to Peebles to pass at a store in the mall. Afterwards, Johnson and Savage went to Dunkin Donuts, Burger King, McDonald's, Taco Bell, Bojangle's, and Kentucky Fried Chicken, where Johnson passed counterfeit $20 bills. Johnson testified that he did not actually see Savage pass any counterfeit money. Johnson, however, did testify that Savage had access to the money which was kept in the car, and Savage knew that Johnson had counterfeit bills that he was passing in the stores and restaurants.

3

We find that the district court did not plainly err in allowing counsel to confer with Johnson in the midst of his testimony. The record does not support a conclusion that counsel informed Johnson of any other witness's testimony during their conference, thus violating the sequestration order. Only after Johnson began testifying in a manner inconsistent with his prior statements did counsel request to confer with Johnson, presumably to apprise him of the criminal penalties he faced if he testified falsely and to remind him of his obligations under the plea agreement.

Even if the district court erred in allowing counsel to confer with Johnson and that this error was sufficiently clear to satisfy plain-error analysis, we conclude that Savage has not shown that the error affected his "substantial rights." See Olano, 507 U.S. at 732-36. In most contexts, a defendant's substantial rights are considered to be affected only if he suffered prejudice.[2]  The defendant has the burden of demonstrating prejudice on appeal. See Olano , 507 U.S. at 734; Fed. R. Crim. P. 52(b). Savage has not shown that he was prejudiced by the district court's actions because, even excluding Johnson's testimony, the trial outcome was not likely to have been different.

Peebles testified that Savage gave her $20 bills to make purchases at various businesses. After several purchases had been completed, Johnson informed Peebles that the money was counterfeit. Peebles and her brother, Germaine Davis, went to Johnson's and Savage's apartment in order for Davis to purchase counterfeit $20 bills. Davis and Johnson agreed on the exchange, and Savage retrieved the counterfeit money from a rear bedroom. Savage and Johnson also showed Davis how to pass the counterfeit money. When Davis went to Savage's apartment to purchase more counterfeit money, he was making an undercover purchase as a confidential informant for the police. After being regaled with stories of how Johnson and Savage nearly were apprehended passing counterfeit $20 bills, Johnson agreed to

_____

[2] The Supreme Court in Olano  expressly declined to consider whether the phrase "affecting substantial rights" is always "synonymous with `prejudicial.'" Olano, 507 U.S. at 735. Rather, the Court speculated that "[t]here may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome," such as structural errors. Id.

sell Davis additional counterfeit money. Moreover, a tape recording of the controlled buy confirmed that Savage was not only present at the sale but he also demonstrated to Davis how to pass the counterfeit money. In addition, a search of Savage's bedroom revealed the genuine money that Davis used to purchase the counterfeit money during the controlled undercover buy, along with denominations of genuine money consistent with making repeated small purchases with $20 bills. Further, the serial numbers from the counterfeit money, which Savage stored in a neighbor's apartment, were consistent with the serial numbers of the counterfeit money passed at the stores and restaurants. Accordingly, we conclude that any error in the admission of Johnson's testimony did not affect the outcome of the trial. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (in banc) (aiding and abetting requires defendant to knowingly associate himself with and participate in criminal venture), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). Because the court's alleged error does not affect Savage's substantial rights, it cannot constitute plain error under Rule 52(b).

Accordingly, we affirm Savage's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid in the decisional process.

AFFIRMED

5